MEDEMA, J. Pro Tem, specially concurring.
I fully concur in the majority opinion. I write simply because I am concerned that some language in the opinion may be read more broadly than intended.
The majority states: "[i]n fact, this Court has recognized that, in addition to the immediate injury sustained in an accident, a new and distinct injury that later emerges may be compensable if its cause can be traced to the 'accident.' " The majority cites to Anderson v. Harper's Inc. and Duncan v. Navajo Trucking as examples of cases where such has occurred. I agree with the majority that the sentence aptly describes the result in both of those cases. I am simply concerned that the language-"a new and distinct injury that later emerges may be compensable if its cause can be traced to the 'accident' "-not be misinterpreted. Hopefully, the facts in Duncan will illustrate my concern.
Mr. Duncan was involved in an accident at his work. It was immediately apparent to him that he injured his right knee in that accident and he quickly sought treatment for that injury. See Duncan , 134 Idaho at 203, 998 P.2d at 1116. It was not immediately apparent to him that he hurt his back. Over the course of the next month and a half, Mr. Duncan experienced pain in his hip and leg that was evident to his girlfriend, but he did not report feeling such pain to any doctor. Id. at 204, 998 P.2d at 1117. Approximately six weeks after injuring his knee, Mr. Duncan went swimming. While swimming, his injured knee continually locked up. The next day Mr. Duncan felt excruciating pain in his lower back. Id. at 203, 998 P.2d at 1116. One doctor opined that Mr. Duncan had ruptured a disk in his lower back. Id . The Commission awarded Mr. Duncan compensation for the treatment related to his back injury and this Court affirmed.
*759 I write to point out that Mr. Duncan did not argue that, and this Court did not address whether, he was entitled to compensation for a new and distinct injury (the ruptured disk in his back) if that injury had occurred while he was swimming, because its cause could be traced back to his workplace accident via this path: but for the accident his knee would not have locked up while swimming; but for his knee locking up while swimming, he would not have injured his back. This Court simply found substantial, competent evidence to support the Commission's determination that Mr. Duncan's back injury was caused by his accident because there was evidence that his back was injured before he went swimming. One doctor testified that hip and leg pain are consistent with having suffered a ruptured disk in the lower back. See id. at 204, 998 P.2d at 1117. That doctor conceded that if the Commission believed Mr. Duncan had experienced such pain in the timeframe between the accident and the swimming episode, the doctor would be willing to attribute the back injury to the industrial accident. Id. Mr. Duncan testified that he had experienced such pain and his testimony was supported by that of his girlfriend. Id . This Court found such testimony sufficient to affirm the Commission's award.
I am concerned that the majority's statement that a new and distinct injury that emerges sometime after an accident may be compensable if its cause can traced back to the accident itself may be interpreted as this Court expressing a new view of what is compensable in workman's compensation cases. While an apt description of the circumstances in Duncan and Anderson , this Court did not use that language to describe the applicable test for causation in those cases. Indeed, the Court did not use that language in Duncan or Anderson at all. I write simply to clarify my understanding that today's opinion does not change the standard of causation a claimant must establish in order to receive compensation for a particular injury under Idaho's Worker's Compensation Act; nor does it expand the scope of the injuries compensable under that Act.